No. 09–5442.

United States Court of Appeals, District of Columbia Circuit.

Oct. 21, 2010.

**Howard SCHWARZMAN, Petitioner**

v.

**NATIONAL TRANSPORTATION SAFETY BOARD and Federal Aviation Administration, Respondents.**

No. 09–1221.

United States Court of Appeals, District of Columbia Circuit.

Oct. 25, 2010.

Jay Fred Cohen, Esquire, Law Office of Jay Fred Cohen, Baltimore, MD, for Petitioner.

Laura Rene Ponto, Esquire, Federal Aviation Administration, Washington, DC, for Respondents.

Before: BROWN and GRIFFITH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This petition for review was considered on the record from the National Transportation Safety Board ("NTSB") and on the briefs filed by the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). It is

**ORDERED and ADJUDGED** that the petition be denied. Petitioner Howard Schwarzman operated his aircraft in an Air Defense Identification Zone ("ADIZ") while squawking a transponder code in violation of Federal Aviation Administration ("FAA") security requirements. The FAA suspended Petitioner's commercial pilot certificate for 30 days, finding that he violated 14 C.F.R. § 91.13(a), prohibiting careless or reckless operation of an aircraft; § 91.139(c), requiring compliance with air traffic rules published in Notices to Airman; and § 99.7, mandating compliance with special security requirements in an ADIZ. The NTSB upheld the suspension. Petitioner argues that the FAA must provide a way for pilots to verify transponder emissions, that he is entitled to a waiver of sanction, and that the FAA violated various constitutional rights. The NTSB's finding that Petitioner operated his aircraft in violation of FAA regulations and its finding that Petitioner was ineligible for a waiver were both supported by substantial evidence. Petitioner identifies no regulations or other authorities holding that the FAA must provide services to

verify an aircraft's transponder code emissions before take off, nor indeed shows why, given other available methods of verification, there might be any occasion for it to do so. Petitioner also failed to articulate any cognizable theory of how the FAA violated his rights under equal protection, due process, or the Ninth Amendment to the Constitution. The NTSB's action was therefore not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

The Court has accorded the issues full consideration and has determined that they occasion no need for a published opinion. *See* D.C. CIR. R. 36(b). The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.